Opinion of the Court.
THIS was an action of debt brought by Waters in the circuit court, on an obligation executed to him by *177 Wood, for the payment of two hundred and fifty dollars.
Statement of the case.
Wood, after craving oyer of the obligation, pleaded that Waters, his action against him ought not to have and maintain, because he says, that the writing obligatory in the declaration mentioned was “obtained by Waters and others in collusion with him, by fraud, covin and misrepresentation ; that is to say, by the said Waters, and others in collusion with him, falsely and fraudulently representing and affirming to him, the said Wood, that no other claim interfered with ninety one and three fourths acres of land, in the county and circuit of Boon, on the dry ridge, then held and claimed by him, the said Waters, under and by virtue of Pepper’s claim of—acres, except the claim of Green Clay, and which claim of said Clay, was good for nothing, having been once or twice thrown out of court; and that he, the said Waters, affirmed that he had a good right and title to said land, under said Pepper’s claim, and that there was no other claim interfering therewith ; and for which said 91¾ acres of land, up on such false and fraudulent representations, and for no other consideration whatever, the said Wood executed the writing obligatory, in the declaration mentioned, to the said Waters; and by said false and fraudulent representations, induced him, the said Wood, to take a conveyance from said Waters, by deed of special warranty ; which deed is here shown to the court. And the said Wood in fact saith, that at the time, and since, other superior existing claims and titles, covering and interfering with said 91¾ acres of land, to wit, the claim and title of William Jones, of 400 acres, held and claimed by John Fowler; James Talbot’s 5,218 acres; a claim of John Harvey, of 4,700 acres ; all which claims and titles were then existing and elder grants than the said Pepper’s, &c. and which claims the said Wood avers were known to said Waters at the time of the sale and conveyance of the 91¾ acres, and were concealed by said Waters from him, the said Wood ; and the said Wood in fact further saith, that at the time, part of said 91¾ acres of land had been recovered in an action of ejectment, by John Fowler, in the Boone circuit court, under said Jones’ claim, amd which fact was well known by said Waters; and falsely and fraudulently concealed by him; *178 from the said Wood ; all of which, he the said Wood, is ready to verify. &c.”
Where the consideration of a note has not entirely failed, defence cannot be made at law; the relief is in equity.
The principle is the same where through the fraud of the party, there was originally a partial lack of consideration ; for although fraud in the execution of a note, may furnish an available defence at law, it does not follow, that fraud in the consideration will.
To this plea Waters demurred, and the demurrer being joined by Wood, judgment was rendered by the court, sustaining the demurrer; and no further defence having been made by Wood, judgment was also rendered by the court in favor of Waters, for the debt, interest and costs. From that judgment Wood has appealed.
1. The demurrer to the plea, we apprehend, was correctly sustained by the circuit court. There is certainly no pretext for supporting the plea, on the ground of a lack or failure of consideration of the obligation upon which the action is founded. The consideration for the obligation was the sale of the 9l ¾ acres of land, and in accordance to that sale, the plea alleges a conveyance to have been in fact made to Wood ; and there is not even a suggestion in the plea, of the land having been entirely lost by the alleged adverse paramount claims. It is true, the pica alleges fraud in Waters’ knowing of those adverse claims and concealing the fact from Wood ; and it is contended, that the allegations of fraud contained in the plea, present an available defence to the action at law. But the fraud alleged is not in the execution of the obligation, but in the consideration of it; and a court of equity is certainly more competent to relieve against such a fraud, than a court of law. Indeed, the case, as alleged in the plea, is a striking illustration of the propriety of compelling the appellant (the defendant in the court below) to seek relief in a court of equity; for it would be obviously unjust, to permit the obligation to be avoided, without at the same time restoring Waters to the title which he conveyed to Wood ; and there is not only a failure in the plea to suggest either an offer or willingness, on the part of Wood, to re-convey the title; but the powers of a court of law are totally inadequate to compel him to do so. But in a court of equity, ample justice might be done, by restoring the parties to the condition each was in prior to the contract; and to that court, instead of a court of law, Wood should resort, to be relieved from the fraud alleged in his plea.
The judgment must be affirmed with costs and damages.